HENRY S. RESSLER

*v.*

FRANK F. PEATS.

<div style="float:right">86 275<br>65a 298</div>

1. WARRANT FOR ARREST OF CRIMINAL — *officer may execute in any county.* An officer to whom a warrant has been directed for the arrest of a person charged with a crime has a right to make the arrest in any county in the State where the accused may be found, and it is not essential to such right of arrest that the accused should have fled to the county where arrested.

2. SAME — *justification to officer making arrest.* In a suit against an officer for an unlawful arrest, he may justify under process from a court of limited jurisdiction, where it shows on its face that the court had jurisdiction of the subject matter, and nothing appears to apprise him that the court had not, also, . jurisdiction of the person of the defendant.

3. Where a warrant recites all that the statute requires, the officer who executes it is not required to go behind it to see whether the affidavit upon which it issued was sufficient, but he will be protected in executing it unless he abuses his authority.

4. PLEADING — *justification under a warrant.* In an action against an officer for an unlawful arrest, a plea justifying under a warrant, and showing such facts that the court can see that the party arrested was not detained any longer than was reasonable, is sufficient without any express averment to that effect.

APPEAL from the Circuit Court of Winnebago County; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. D. M. KIRTON, for the appellant.

Mr. C. M. BRAZEE, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of trespass, averring an unlawful arrest and false imprisonment of plaintiff by defendant Peats and two others. As to the others the suit was dismissed, and Peats filed the general issue and two pleas of justification. To the special pleas plaintiff filed a demurrer, which was overruled as to the first and sustained to the latter, and plaintiff standing by his demurrer to the first plea, the court rendered a judgment in bar on that plea, and plaintiff appeals.

The plea avers that appellee was sheriff of Winnebago county; that as such there came to his hands a warrant from a justice of the peace of that county, for the arrest of appellant on a charge of larceny; that appellant then was in the city of Chicago in the county of Cook and State of Illinois; that he as such sheriff, on the day after the date of the warrant, and by virtue thereof, proceeded to Cook county and arrested appellant, and the day following took him before the justice who issued the warrant, at his office, and then and there duly returned the warrant.

It is first insisted that the plea on its face shows that appellee was sheriff of Winnebago county and arrested appellant in Cook county, without averring that he had fled to Cook county. This objection is not well taken. Section 352 of the Criminal Code (Rev. Stat. 1874, p. 401) provides that: "If a person against whom a warrant is issued for any alleged offense, before or after the issuing of such warrant, escape from, *or is out of, the county*, the officer to whom such warrant is directed *may pursue and apprehend the party charged, in any county of this State*, and for that purpose may command aid, and exercise the same authority as in his own county."

Under this provision it seems to us that there can not be the slightest doubt that appellee had the right to make the arrest in Cook county. Language could not make it plainer. This change in the provisions of the statute has rendered former decisions of this and other courts inoperative and of no controlling effect. The General Assembly had the undoubted power to authorize sheriffs and other officers to make arrests under warrants in any county in the State, and having done so, the validity of the enactment can not be questioned.

It is again urged that the warrant fails to state where the offense charged was committed, and is therefore void, and affords the officer no protection. The warrant states that a complaint in writing had been that day entered before the justice of the peace, naming the person making the com-

plaint, that a larceny or sundry larcenies had been committed in this State, and that it stated the person complaining had just reason to believe appellant was guilty of the larceny or larcenies charged. The supposed defect is that the warrant fails to state that these larcenies had been committed in the county of the justice of the peace. The case of *Barnes* v. *Barber*, 1 Gilm. 401, announces the rule that an officer may justify under process from a court of limited jurisdiction, where it shows on its face that the court had jurisdiction of the subject matter, and nothing appears to apprise him that the court had not, also, jurisdiction of the person of the defendant. It was there said : " Hence, where there is an excess or an unauthorized assumption of jurisdiction by an inferior court, both the party and the court may be presumed to be cognizant of the fact, and should, therefore, be held liable ; but unless such excess or want of jurisdiction be brought home to the knowledge of the officer executing the process, either by something apparent on the face or by other matter *aliunde*, he should be saved harmless."

If there was a want of jurisdiction in the justice of the peace, which does not appear, it is not shown on the face of the warrant, nor is there any pretense that it was brought to his knowledge in any other mode. The warrant stated that there had been complaint that a larceny had been committed, by whom made, and that it charged appellant with the offense. The statute has conferred jurisdiction on justices of the peace to issue warrants for the apprehension of persons charged with larceny. Again, this writ seems to contain all that is required to be set forth therein by section 349 (Rev. Stat. 1874, p. 401). And the sheriff should not be required to go behind the warrant, reciting all the statute requires, to see whether the affidavit was regular and conformed to the statute. When he sees the warrant conforms to the statutory requirement and he executes it, he must be protected, unless he abuses his authority.

Nor is there any force in the objection that the plea fails to aver that the officer detained appellant any longer than was reasonable. It is averred that he was arrested one day in Chicago, Cook county, and was taken before the justice of the peace issuing the warrant, in Winnebago county, on the next day, when the officer made return of the warrant. These averments showed what was done, and rendered the averment which it is claimed should have been made unnecessary, as it would only have been the averment of a legal conclusion. On the facts averred, it appears that there was no abuse of power by delaying to make return of the warrant, with the prisoner, before the justice issuing it.

No error appearing in the record in this case, the judgment of the court below is affirmed.

*Judgment affirmed.*