(Nos. 38237-8-9, Cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MICHAEL CATAVDELLA *et al.*, Plaintiffs in Error.

*Opinion filed Sept. 29, 1964.—Rehearing denied Nov. 23, 1964.*

SCHAEFER and UNDERWOOD, JJ., dissenting.

HARRY J. BUSCH, R. EUGENE PINCHAM and CHARLES B. EVINS, all of Chicago, for plaintiffs in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED

G. Leach and E. Michael O'Brien, Assistant Attorneys General, and Elmer C. Kissane and Matthew J. Moran, Assistant State's Attorneys, of counsel,) for the People.

Mr. Chief Justice Klingbiel delivered the opinion of the court:

The defendants, Michael Catavdella, Philip Fiore and Thomas Pennavaria, were tried jointly in the criminal court of Cook County and convicted of the crime of burglary. Catavdella was sentenced to the penitentiary for a term of not less than 2 nor more than 5 years; Fiore was sentenced to the penitentiary for not less than 5 nor more than 10 years; and Pennavaria was sentenced to the penitentiary for not less than 3 nor more than 5 years. Writs of error were issued on behalf of each of the defendants and they have been consolidated for argument and opinion.

' The major argument advanced by the defendants is that the trial court erred in denying a motion to suppress certain evidence allegedly obtained through an illegal search and in admitting into evidence the articles found in that search. At the hearing on the motion to suppress, police officer Nicolini testified that on January 31, 1962, he had occasion to stop an automobile in which the defendants were riding. He admitted that he had no warrant for the arrest of the defendants nor a search warrant, but claimed that prior to the time he stopped the car the defendants had violated certain ordinances. Counsel for the defendants, who had called the officer as their own witness, obtained leave to cross-examine him on the ground that his answer was different from his testimony at the defendants' preliminary hearing on a charge of possession of burglary tools. Leave was granted and the officer admitted that at the preliminary hearing he had made the following answers to the following questions:

"Q. What attracted your attention to them?

"A. This is about 8:30 P.M. We were going south on

Kimball and we observed this vehicle and we pulled up behind it, oh, we were about 200 feet behind it when they turned off and when they turned down the street, we followed after them.

"Q. Had they broken any laws?

"A. No.

"Q. When you got closer to them did you notice anything about the car or the license?

"A. Well, not then. After we stopped them, we noticed —."

On cross-examination of the officer at the hearing on the motion to suppress, he testified that before he stopped the defendants' car he noticed that it was being driven in a negligent manner and was weaving in and out of traffic. He also observed the car making an improper left turn and noticed that the car had an obscured license plate. He testified that when he stopped the car his partner looked in the rear seat and observed some antique pistols and a camera case. Nicolini admitted that he could not see anything in the back seat and the court sustained an objection as to what his partner had seen. On redirect examination the officer admitted that he had not told the court at the time of the preliminary hearing that he had noticed an obscured license plate and had not told the court at that time that the car was being driven in a negligent manner. He testified that after the car had been taken to the police station he forced open the trunk where he found certain other articles.

Officer Frank Mojzis testified at the hearing that he and officer Nicolini were driving west on North Avenue when they observed the defendants' automobile weaving in and out of traffic. He also noticed the car make an improper left turn on to Kimball Avenue and as they followed the defendants' car he observed a bent license plate. He testified that when they stopped the defendants' car he noticed some guns and a camera case on the back seat and on the rear floor of defendants' car. It was brought out at the hearing on the motion to suppress that officer Mojzis had

not testified at the preliminary hearing. The court denied the motion to suppress and the defendants waived their right to trial by jury.

At the trial Nicolini testified that he first saw the defendants' car when it was traveling west on North Avenue. He saw the car weave in and out of traffic and saw it make an improper left turn onto Kimball Avenue and observed that the car had an obscured license plate. He testified that "we" could see into the car and that "we" observed some antique pistols and a camera case and numerous other items in the back seat of the car. He testified that after the car had been taken to the station he forced open the trunk where he found 4 other guns, a quilt and a television set. He testified that at the time he searched the car he did not know of any burglary which had been committed and that he was not looking for the proceeds of a burglary. In cross-examination defense counsel again brought out the fact that the officer's testimony at the preliminary hearing was different from his testimony at the trial.

Officer Mojzis testified that he had observed the defendants' car violating traffic ordinances and he testified that when he stopped the car he observed some antique pistols and a camera case in the rear seat.

The victim of the burglary identified the antique pistols, the camera and other guns, the television set and the quilt as his property, which had been taken from his home earlier the same night.

A preliminary question relating to the motion to suppress must first be determined. The State contends that the defendants lacked standing to challenge the validity of the search and seizure. We do not agree. The motion to suppress alleged that the articles taken from the defendants' car were in the legal possession of the defendants at the time they were removed. This allegation was sufficient to give the defendants standing to challenge the search.

The validity of the search and seizure of the articles

found in the defendants' car can be sustained only on the ground that the search was incident to a lawful arrest without a warrant. In determining the validity of the search of the car and the seizure of the articles found therein, we must be guided by the fourth amendment to the United States constitution and by the decisions of the United States Supreme Court construing this constitutional provision. (*Ker* v. *California,* 374 U.S. 23, 10 L. ed. 2d 726.) In *Preston* v. *United States,* 376 U.S. 364, 11 L. ed. 2d 777, 84 S. Ct. 881, the defendants were arrested while seated in a parked car. The car was driven to the police station by the officers and later taken to a garage. After the defendants had been booked at the police station the officers went to the garage and forced their way into the trunk when they found certain items which were introduced in evidence. The Supreme Court held that, even assuming the validity of the arrest, the search of the car at a time and place remote from the arrest was unreasonable and invalid. The search of the trunk of the defendants' car in the present case took place under practically identical circumstances, and tested by the standard set forth in the *Preston* case, was unreasonable and invalid.

The State contends that even if the search of the trunk be held unlawful the conviction can still be sustained on the ground that there was other evidence in the record to establish the guilt of the defendants beyond a reasonable doubt. Specifically, it is contended that the items found in the back seat of the car were admissible as the product of a search incident to a lawful arrest without a warrant and that proof that the defendants were in possession of these articles was sufficient to establish their guilt. In effect, the State asks us to hold that the error in the admission of the items found in the trunk was harmless error. In *Fahy* v. *Connecticut,* 375 U.S. 85, 84 S. Ct. 229, 11 L. ed. 2d 171, the Supreme Court held that on the facts of that case the erroneous admission of unlawfully obtained evidence was prejudicial and

therefore found it unnecessary to decide whether the erroneous admission of evidence obtained by an illegal search and seizure could ever be subject to the rule of harmless error. The court stated that the test was not whether there was sufficient other evidence upon which the defendant could have been convicted, but whether there was a reasonable possibility that the evidence complained of might have contributed to the conviction. It seems clear in the present case that the erroneous admission in evidence of the television set, the guns, and the quilt found in the trunk, all of which were identified by the burglary victim as property taken from his home, could have contributed to the finding of guilty.

It is clear that the judgment of conviction must be reversed and the only question is whether the interests of justice would be best served by remanding the cause for a new trial or by reversing without remanding. Excluding the evidence found in the trunk, the only evidence of the defendants' guilt is the evidence which was discovered in the back seat of the car at the time of the arrest. The State argues that, since the articles were visible in the back seat of the car there was no search. However, these articles were seen only after the arrest and the seizure cannot be divorced from the question of the validity of the arrest. Whether these items were properly admitted in evidence depends, therefore, upon the validity of the arrest. (*Cf. People* v. *Roebuck,* 25 Ill.2d 108, 110.) Arrest without a warrant is valid if a criminal offense has been committed and the arresting officer has reasonable grounds to believe that the person arrested committed the crime, or if a criminal offense is committed in the presence of the officer. The arrest here cannot be sustained upon the first ground, for it is admitted that the officers had no knowledge that a burglary had been committed, nor had any reason to suspect that the defendants had committed the crime of burglary at the time of the arrest. If the arrest and search can be sustained it must

be on the ground that a criminal offense was committed in the presence of the arresting officers. The testimony of officer Nicolini casts grave doubt upon the validity of the arrest. At the preliminary hearing he testified that he had not observed the defendants violate any law prior to the time they were placed under arrest, while at the trial he testified that he had observed the defendants violating several traffic ordinances. In addition to this conflict, which goes to the very heart of the issue of the validity of the arrest, the officer's testimony was contradictory in other respects, such as the street on which the officers were driving when they first observed the car, and whether Nicolini was able to see into the rear seat of the defendant's car. The conflicting nature of Nicolini's testimony can hardly be explained as a mere mistake and the State admits that it would not be unreasonable to infer that Nicolini testified falsely at the preliminary hearing. We agree that it is not unreasonable to infer that Nicolini's testimony was false, but we find no basis for inferring that his first testimony, at a time when his recollection was fresher, was false and find it equally reasonable to infer that his testimony at the trial was false. It is true that testimony of officer Mojzis, standing alone, would be sufficient to establish that the officers had reasonable ground for making the arrest for alleged traffic violations and we are not unmindful of the usual rule that the credibility of the witnesses is a matter for the trial judge to determine. However, where substantial constitutional rights are involved, the record should be clear that these rights were not abridged. The record in this case makes no such showing. In our opinion the motion to suppress should have been sustained and the articles found in the car should not have been admitted in evidence. Without this evidence there is no basis for the judgments of conviction and the judgments of the criminal court of Cook County are therefore reversed.

*Judgments reversed.*

Mr. JUSTICE SCHAEFER, dissenting:

The defendants' conviction was based upon the presumption of guilt that flows from the possession of recently stolen property. I agree with the majority that the search of the trunk of the car was illegal under *Preston* v. *United States,* 376 U.S. 364, 11 L. ed. 2d 777, 84 S. Ct. 981, and that the judgment should be reversed because the products of that search were received in evidence. But I think that the cause should be remanded for a new trial.

Officer Nicolini's testimony as to the circumstances of the arrest was severely discredited by his own contradictory testimony at the preliminary hearing. To rebut the defense suggestion that his testimony at this trial was a recent fabrication, the State offered in evidence a copy of his report to his commanding officer and a transcript of his testimony before the grand jury. Both exhibits were admitted in evidence, but neither is included in the record before this court. From the statements of counsel in the trial court during the argument as to their admissibility, it seems likely that both the report and the grand jury testimony antedated his testimony at this trial, and that both were consistent with that testimony. But the exhibits are not before us, and the majority therefore appraises Nicolini's testimony without considering them.

I would therefore remand the cause for a new trial, at which the evidence obtained from the illegal search of the trunk would not be admitted, and a complete record of the evidence relating to the validity of the arrest would be before the court.

Mr. JUSTICE UNDERWOOD concurs in this dissent.