(No. 37741.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH LLOYD JEFFRIES, Plaintiff in Error.

*Opinion filed Nov. 24, 1964.—Rehearing denied Jan. 19, 1965.*

CHARLES F. THOMPSON, JR., of Aurora, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JEROME NELSON, State's Attorney, of Yorkville, (FRED G. LEACH and GEORGE W. KENNEY, Assistant Attorneys General, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Joseph Lloyd Jeffries was found guilty of the crime of larceny of a motor vehicle by a jury in the circuit court of Kendall County and sentenced to the penitentiary for a

term of 5 to 20 years. A constitutional question gives us jurisdiction.

The automobile of Robert Stewert was stolen from his garage in the early morning hours of July 27, 1961. On August 3, 1961, Thomas Lee was arrested while driving the stolen automobile. Stewert identified his car and gave the sheriff a list of the items taken from the ·car. After the police talked with Lee, a warrant for defendant's arrest was issued and he was arrested August 5, 1961. The police searched defendant's automobile and found a car floor mat and baseball glove which had been stolen from the Stewert automobile. Defendant's possession of these stolen articles and the testimony of Lee implicating him in the theft form the basis of defendant's conviction.

Defendant first argues that the trial court erred in denying his motion to suppress the use of the floor mat and baseball glove as evidence because it was obtained as a result of an allegedly illegal search and seizure. In support of this argument defendant contends that his arrest was illegal because the police did not have physical possession of the warrant for defendant's arrest at the time the arrest was made. While there is a sparsity of authority on this issue, it has generally been held that an arrest warrant must be in the possession of the person purporting to act under the warrant at the time of the arrest. See *People* v. *Fischetti,* 273 Ill. App. 215; 6 C.J.S. Arrest, § 4 C.

At the time of defendant' arrest the statute governing arrest pursuant to a warrant provided that the warrant be "directed to all sheriffs, coroners and constables within this state" (Ill. Rev. Stat. 1961, chap. 38, par. 664) and in *Ressler* v. *Peats,* 86 Ill. 275, this court held that a warrant issued in one county could be executed in another. Our present statute provides that the warrant "be directed to all peace officers in the State" and that it "may be executed in any county in the State." (Ill. Rev. Stat. 1963, chap. 38, par. 107—9(e).) It is obvious, of course, that every

officer to whom the warrant is directed cannot have physical possession of the warrant.

Rule 4 (c)(3) of the Federal Rules of Criminal Procedure has resolved the problem with this provision: "The officer need not have the warrant in his possession at the time of the arrest, but upon request he shall show the warrant to the defendant as soon as possible. If the officer does not have the warrant in his possession at the time of the arrest, he shall then inform the defendant of the offense charged and of the fact that a warrant has been issued."

The note of the Advisory Committee on the Federal Rules of Criminal Procedure made these comments with respect to Rule 4(c)(3): "The provision that the arresting officer need not have the warrant in his possession at the time of the arrest is rendered necessary by the fact that a fugitive may be discovered and apprehended by any one of many officers. It is obviously impossible for a warrant to be in the possession of every officer who is searching for a fugitive or who unexpectedly might find himself in a position to apprehend the fugitive. The rule sets forth the customary practice in such matters, which has the sanction of the courts. * * * The rule, however, safeguards the defendant's rights in such case." 18 U.S.C.A. 111, 112.

We believe that the authority to issue the warrant directed to all peace officers in the State and authority to execute the warrant anywhere in the State necessarily implies that the peace officer may execute the warrant although he does not have physical possession of the warrant. In this case the arresting officer informed the defendant of the offense charged and that a warrant for his arrest had been issued. This told the defendant as much as showing him the warrant.

The defendant having been lawfully arrested, we proceed to the question of whether the search of defendant's automobile was incident to his arrest. Most of the facts surrounding the search are undisputed. About midnight the

defendant, who had two girls in his car, stopped for a traffic signal at the corner of Ashland and 15th streets in Chicago Heights and the police pulled up behind him. The police informed defendant of the arrest warrant and told him to get out of the car. He got out of the car, the police searched him and then had him get into the police car. According to defendant he told the girls to take the car home and according to the arresting officer, the officer told the girls to pull the car around the corner in order to clear the intersection. The defendant testified that the girls had driven his car four blocks from the intersection when the police stopped them and searched the car over his protest. The arresting officer testified that he searched the car when it was pulled around the corner. The stolen floor mat was in open view in the car. The officer opened the trunk and saw the stolen baseball glove but he did not remove it. One of the officers then drove the girls home and defendant's car was driven to State police headquarters in Joliet. At police headquarters the arresting officer again looked into the trunk while making an inventory of the items in the car but he did not remove the baseball glove. Two days later the car was taken to the Kendall County court house. Stewert identified the floor mat and glove and the sheriff removed them from the car.

A search to be incident to an arrest must be "substantially contemporaneous with the arrest" and be "confined to the immediate vicinity of the arrest." (*Stoner* v. *California,* 376 U.S. 483, 11 L. ed. 2d 856, 84 S. Ct. 889, 891.) Thus a search made at a time and place remote from that of the arrest, such as in the case above cited, where the accused's hotel room in California is searched two days before he is arrested in Nevada, or where the accused's automobile is searched after he is in custody and the automobile has been taken to a garage (*Preston* v. *United States,* 376 U.S. 364, 11 L. ed. 2d 777, 84 S. Ct. 881) or

the police station (*People* v. *Erickson,* 31 Ill.2d 230,) is not incident to the arrest.

In arguing that the search and seizure in this case was remote from the arrest defendant asserts that there was a search and seizure days and miles away from the arrest when the baseball glove and floor mat were taken from his car at the Kendall County courthouse. We do not agree. There is sufficient evidence in the record from which the trial judge could find that the police searched the car as soon as they had apprehended the defendant and moved the car just enough to clear the intersection. Although they did· not remove the floor mat and baseball glove from the car at this time, they did take possession of the automobile until the articles were removed. We are of the opinion that the search and seizure of these items occurred at the time and place of the arrest and not at the courthouse in Kendall County several days later.

Defendant also asserts there was no justification for the search of his car without a warrant because there was no danger that he would attack the arresting officer or escape after he had been placed in the police car and that the fruits of the crime with which he was charged, namely, Stewert's automobile, had been recovered two days earlier. The floor mat and baseball glove were items connected with the crime for which defendant was arrested and were the proper objects of the search. *United States* v. *Rabinowitz,* 339 U.S. 56, 94 L. ed. 653, 70 S. Ct. 430, n.6; *United States* v. *Lefkowitz,* 285 U.S. 452, 456-466, 76 L. ed. 877, 52 S. Ct. 420, 423.

"The right to search and seize without a search warrant extends to things under the accused's immediate control * * * and, to an extent depending on the circumstances of the case, to the place where he is arrested." (*Preston* v. *United States,* 376 U.S. 364, 11 L. ed. 2d 777, 84 S. Ct. 881, 883.) In the case of automobiles a search "behind the

upholstering of the seats" (*Carroll* v. *United States,* 267 U.S. 132, 69 L. ed. 543, 45 S. Ct. 280,) or in the trunk (*People* v. *Faginkrantz,* 21 Ill.2d 75) has been held reasonable under proper circumstances. We hold that the search of the trunk of defendant's car at the time and place of his arrest for items connected with the crime for which he was arrested was reasonable.

It is finally contended that there is insufficient competent evidence to prove defendant guilty beyond a reasonable doubt. To support this contention defendant argues that the floor mat and baseball glove be excluded from consideration and then asserts that the alibi testimony of his sister and brother-in-law and himself is more worthy of belief than the implicating testimony of the accomplice Lee. As we have indicated, the evidence of possession of the stolen articles was properly admitted. This evidence together with the testimony of Lee was sufficient to prove defendant guilty beyond a reasonable doubt. The jury chose to believe this evidence and we see no reason for disturbing their finding.

The judgment of the circuit court of Kendall County is affirmed.

*Judgment affirmed.*