(No. 38198.—

The People of the State of Illinois, Defendant in Error, *vs.* Alfred Davis, Plaintiff in Error.

*Opinion filed September 28, 1965.*

JAMES A. HUMPHREY, of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and DONALD J. VEVRKA, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

This case involves a single writ of error to review two separate convictions of the defendant, Alfred Davis, for unlawful possession of narcotic drugs. Defendant appeals

directly to this court alleging a violation of his constitutional rights.

While normal procedure would require separate convictions to be reviewed by separate writs of error, the circumstances of these convictions warrant review in a single proceeding for a more efficient and economical administration of justice under the exception announced in *People* v. *De-Cola,* 15 Ill.2d 527.

The defendant, Alfred Davis, was arrested by the Chicago police at 1:20 A.M., May 13, 1962, for two traffic violations; namely, making an improper left turn and driving without a light on his rear license plate. Police officer Frank Brown testified that he stopped Davis's car after observing him make the improper turn at 33rd Street and Prairie Avenue in Chicago. He asked Davis for his operator's license and told Davis he had made an illegal turn and had no license plate light on the rear of his car. Officer Brown then testified that when Davis got out of his car he observed a tinfoil package on the floor of the driver's side of the front seat which he picked up. Davis stated that he did not know what the package was or how it got in his car. Officer Brown opened the tinfoil package, found white powder, and then placed the defendant under arrest and searched the car. In the search he found another tinfoil package in the crack of the front seat. This second package was not opened but was sent to the crime laboratory. Officer Brown stated in his testimony that neither he nor his partner asked Davis to get out of the car.

The defendant testified that he had loaned his automobile to one Cliff Jackson at 4:00 P.M. the afternoon of the previous day and that at 1:20 A.M. he had just received the car back. Defendant denied ever seeing the tinfoil packages in his car, and testified that he was not sure where the police found the tinfoil packages. Defendant testified that immediately upon being stopped by the police he was told to get out of the car and that he was taken or led by one

of the police officers to the rear of the car where he was searched. Meanwhile, his car was searched and the police told him they had found two tinfoil packages under the seat and on the seat. He was then taken to the police station. These facts led to defendant's indictment for possession of narcotics in indictment 62-1411.

Indictment 62-1394 was founded upon evidence obtained on March 21, 1962, when police searched defendant's first-floor apartment at 3369 South Calumet Avenue in Chicago, pursuant to a search warrant, found a white powder substance, and arrested the defendant.

In case 62-1411, a motion to suppress evidence was denied after a full and complete hearing, and the attorney for the defendant stipulated that this would be the same testimony on the trial before the court, jury having been waived. The court then found the defendant guilty as charged in this indictment. The court, assistant State's Attorney, and the attorney for Davis entered into a discussion of Davis's prior criminal record. The court then recessed for five minutes to allow Davis and his attorney to confer, and after this recess Davis entered a plea of guilty to the second indictment, 62-1394; whereupon the hearing under indictment 62-1411 was resumed and the defendant sentenced to the Illinois State Penitentiary for a term of not less than two nor more than eight years on both indictments, which sentences were to run concurrently.

As to case 62-1411, the defendant contends that the trial court erred in denying his motion to suppress evidence in that a search of his person and car was illegal and unreasonable in violation of his constitutional rights; that there was insufficient proof of defendant's possession of the narcotics, and of the fact that the white powder was a narcotic, and therefore the State failed to prove the defendant guilty beyond a reasonable doubt. As to case 62-1394, the defendant charges that his plea of guilty was wrongfully induced by the conduct, rulings and remarks of the court while hear-

ing case 62-1411, all in violation of his constitutional rights.

This court has often dealt with the rights of the police to search the driver and his automobile following an arrest for a traffic violation. In *People* v. *Thomas*, 31 Ill.2d 212, we set forth the principle that if circumstances reasonably indicate that the police may be dealing not with the ordinary traffic violator, but with a criminal, then a search of the driver and his vehicle is authorized in order to insure the safety of the police officers and to prevent an escape.

Application of this principle to the facts herein demonstrates that the search of the defendant's car was lawful. Even the defendant's own testimony indicates that there was an illegal left turn. The testimony of the police officer that there was no license plate light was uncontradicted. As the defendant got out of his car to produce his driver's license, officer Brown noticed the tinfoil packet in plain sight on the floor of the car. The officer, who had been a policeman for about four and one-half years, reached into the car, picked up the packet, cracked it open, and found that it contained white powder. It was only then that the defendant was placed under arrest and the car was searched and the other tinfoil packet found in the crack of the front seat.

As to the first tinfoil package seized by the police officer, there was obviously no search. A search implies a prying into hidden places for that which is concealed, and it is not a search to observe that which is open to view. *People* v. *Heidman*, 11 Ill.2d 501; *People* v. *Marvin*, 358 Ill. 426.

The finding of the first tinfoil packet containing a white powder substance by the police officers constituted sufficient circumstances to reasonably indicate to the officers that they may be dealing with other than the ordinary traffic violator. The arrest of the defendant and the subsequent search of his automobile revealing the second tinfoil packet was clearly permissible as incident to a lawful arrest. This court has sustained searches in analogous situations. *People* v. *Elmore*,

28 Ill.2d 263; *People* v. *Harper,* 26 Ill.2d 85; *People* v. *Stewart,* 23 Ill.2d 161.

As to the defendant's allegation that unlawful possession was not proved beyond a reasonable doubt, this court has held that where narcotics are found on premises under defendant's control, it may be inferred that the defendant had both knowledge and control of the narcotics. (*People* v. *Nettles,* 23 Ill.2d 306.) The fact that the packets in question were located in places where the defendant could or should have been aware of them is sufficient evidence of his knowledge and control to sustain the conviction herein. *People* v. *Thomas,* 31 Ill.2d 212; *People* v. *Harper,* 26 Ill.2d 85.

Defendant's next argument appears to be that the State has not shown such continuity of possession of the seized white powder so as to establish that it was heroin. We do not agree with this contention. Officer Brown testified that he took two tinfoil packets from the defendant's car, and then took them to the police station where he sent them to the crime laboratory. Defendant also concedes that it was stipulated at the trial that if the police chemist were called to testify, he would testify that on May 13, 1962, officer Frank Brown delivered two tinfoil packages to him, containing a white powder substance which was determined to be heroin, and which was in court and admitted into evidence. No question was raised as to the identity of the parcels in the trial court. Under previous decisions of this court such proof is sufficient to complete the State's case. *People* v. *Collins,* 25 Ill.2d 302; *People* v. *Polk,* 19 Ill.2d 310.

For the reasons stated, the conviction of the defendant under indictment 62-1411 is hereby sustained.

With regard to the defendant's claim that he was wrongfully induced by the conduct, rulings and remarks of the trial judge into entering a plea of guilty to indictment 62-1394, we have carefully examined the record and find such charge unwarranted. As previously stated, the trial court was correct in denying the defendant's motion to suppress

and its finding of guilty on the evidence presented in indictment 62-1411 was entirely justified. In indictment 62-1394 defendant was properly admonished as to his rights and the consequences of his plea. Further, he was represented by able counsel of his own choice and had conferred in private with his attorney immediately prior to entering his plea. The sentence imposed was identical to that given on indictment 62-1411, which sentences were to run concurrently. We find no rights of the defendant were violated in accepting his plea of guilty.

For the reasons stated, the conviction of the defendant on indictment 62-1394 is also sustained, and the judgments of the criminal court of Cook County are affirmed.

*Judgments affirmed.*