**People of the State of Illinois, Plaintiff-Appellee, v. Aaron McGhee, Defendant-Appellant.**

**Gen. No. 50,112.**

First District, First Division.

November 15, 1965.

Rehearing denied December 9, 1965.

17

Thad B. Eubanks and Wendell P. Marbly, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Matthew J. Moran, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

In a bench trial, defendant was found guilty of petty larceny and was sentenced to serve one year at Vandalia. Defendant's sole contention is that the court erred in denying his motion to suppress evidence obtained by police officers in the search of the defendant's automobile, and in admitting the evidence at his trial.

At the hearing on the motion to suppress, Police Officer Rinaldi testified that a woman, Lupe Gonzales, made a controlled sale of narcotics to a police informant and received marked money. After the sale, she walked directly to an automobile, entered, and was driven away. The automobile, being driven by the defendant, was stopped by the police. Lupe Gonzales and another woman were in the car. Lupe Gonzales was searched, and the marked money was recovered from her person. Defendant was ordered out of the automobile and searched. The automobile was also searched, and thirteen checks were found in the car, some from under the floor mat on the driver's side. At the trial, the checks were identified as fruits of a burglary.

18

On cross-examination by defendant, Rinaldi testified that defendant was out of the autmobile at the time it was searched. In response to the question, "Where was he? Was he at the scene or was he in the station?", Rinaldi answered, "He was in the process of being transported to the station." No further questions were asked by either side on this point.

Defendant contends that the search was unreasonable, without probable cause, and too remote in time and place to be incidental to his arrest. To show that the search and seizure were illegal, defendant relies primarily on Preston v. United States, 376 US 364 (1964), and People v. Erickson, 31 Ill2d 230, 201 NE2d 422 (1964).

The State contends that probable cause was present to arrest the defendant; that the search and seizure were substantially contemporaneous with the arrest; and that defendant failed to sustain his burden of proof to show "that the search and seizure were unlawful."

In the Erickson case, the defendant was arrested for allowing an unauthorized driver to operate his automobile. The officers noted a brown rubberized cord extending out of the car trunk. The defendant denied the police permission to search the trunk. After calling the station, the car was searched and in it was found a box of silverware, which was admitted into evidence following denial of defendant's motion to suppress the exhibit. After the search and removal of the silverware, the police received a report that the silverware had been taken from a burglarized home. The Erickson conviction was reversed because the facts and circumstances known to the officers at the time of the search did not constitute probable cause justifying the search of an automobile without a warrant. The court said (pp 233, 235):

"... a determination of the reasonableness of any given search must be made upon the facts there presented. ... The absence, in the case of moving

19

vehicles, of an opportunity to secure a search warrant, is frequently cited as a reason for sustaining such searches. But, in all cases, the search must be for specific property, and may not be exploratory and made solely to find evidence of guilt. . . . Although the People stress the fact that there was a rubberized cord hanging from the trunk door, this does not seem to us to be a particularly suspicious circumstance."

The State argues that "the new Criminal Code of Criminal Procedure expands the authority of police officers to search after a lawful arrest. Formerly, there was no authority to search for evidence of an offense as distinguished from the fruits of a crime. . . . The statutory provisions now in effect are as follows (Ill Rev Stats, 1963, c 38, § 108–1) (Search without warrant):

"When a lawful arrest is effected a peace officer may reasonably search the person arrested and the area within such person's immediate presence for the purpose of:
 (a) Protecting the officer from attack; or
 (b) Preventing the person from escaping; or
 (c) Discovering the fruits of the crime; or
 (d) Discovering any instruments, articles, or things which may have been used in the commission of, or which may constitute evidence of, an offense."

As to probable cause for the arrest and search, the following remarks by the trial court are in point. "At that time the officer had good reason to make an arrest of this particular individual. He was transporting an individual who had just made a sale of narcotics. The woman went directly to his automobile. I believe that the officer had reason to believe at that time both parties were or had connection in the crime. Consequently, he made an arrest of this particular individual acting as a

reasonable and prudent man. Doing so he also has a right to search him and his immediate vicinity, and so he did, he searched his person. He had reason at that time to believe there might be other narcotics in that car. So, instead of finding narcotics incident to a lawful arrest, he found the proceeds of a burglary." We conclude the evidence here shows a lawful arrest and probable cause for the search of defendant's automobile.

■■ ■■ The rule to be used in determining when and where a search may be made without a search warrant is set forth in the Preston case, where an automobile was searched after the defendants were removed from it and taken to jail. The court said (pp 367–368) :

"Unquestionably when a person is lawfully arrested, the police have the right, without a search warrant, to make a contemporaneous search of the person of the accused for weapons or for the fruits of or implements used to commit the crime. . . . This right to search and seize without a search warrant extends to things under the accused's immediate control, . . . and, to an extent depending on the circumstances of the case, to the place where he is arrested. The rule allowing contemporaneous searches is justified, for example, by the need to seize weapons and other things which might be used to assault an officer or effect an escape, as well as by the need to prevent the destruction of evidence of the crime—things which might easily happen where the weapon or evidence is on the accused's person or under his immediate control. But these justifications are absent where a search is remote in time or place from the arrest. Once an accused is under arrest and in custody, then a search made at another place, without a warrant, is simply not incident to the arrest. . . . The search of the car was not undertaken until petitioner and his companions had been arrested

21

and taken in custody to the police station and the car had been towed to the garage. . . . We think that the search was too remote in time or place to have been made as incidental to the arrest and conclude, therefore, that the search of the car without a warrant failed to meet the test of reasonableness under the Fourth Amendment, rendering the evidence obtained as a result of the search inadmissible."

██ ██ The State argues that the defendant here had the burden of proving that the search was not contemporaneous with his arrest, and that it was too remote in time and place to have been made as incidental to the arrest. We agree. In search and seizure, "the burden of proving that the search and seizure were unlawful shall be on the defendant." (Ill Rev Stats 1963, c 38, § 114–12(b).) See also People v. Elmore, 16 Ill2d 412, 158 NE2d 45 (1959). This burden defendant failed to satisfy. The testimony given by Officer Rinaldi as to where defendant was at the time of the search did not affirmatively show that defendant's automobile was searched at a time and place remote from his arrest or that the search was not made in "the area within such person's immediate presence." (Ill Rev Stats, 1963, c 38, § 108–1.) See People v. Jeffries, 31 Ill2d 597, 600, 203 NE2d 396 (1964).

In the absence of any other evidence on this point, the judgment must be affirmed.

Affirmed.

BURMAN, P. J. and KLUCZYNSKI, J., concur.