(No. 38687.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
JAMES LEWIS, Appellant.

*Opinion filed March 24, 1966.*

UNDERWOOD and HOUSE, J.J., dissenting.

JORDAN TEPLITZ, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JAMES B. KLEIN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

James Lewis, the defendant, was tried in the circuit court of Cook County before a jury for attempted burglary. He was found guilty and sentenced to a term of not less than 3 nor more than 7 years in the penitentiary. Defendant appeals directly to this court alleging a violation of his constitutional rights by reason of an illegal search and seizure.

On May 28, 1963, at 8:30 P.M. the defendant, driving a 1959 Cadillac sedan, was stopped by police officers for going through a red traffic light. One of the officers then noticed that the defendant and a similar 1959 Cadillac bearing defendant's license number were listed in the daily police department bulletin as being wanted in connection with a burglary. While defendant was kept in the squad car, one officer then searched defendant's car, opening the trunk with the ignition key, and found screw drivers, a butter knife, an auger bit, a brace for an auger bit, a hand drill, small socket wrenches and some locks. These items were seized without an arrest warrant or a search warrant. Defendant was then taken to the police station where he was given a traffic summons.

Thereafter defendant was indicted for attempted burglary and possession of burglar tools. Defendant filed a timely motion to suppress the items seized from the trunk; the motion was denied and the items were introduced into evidence before the jury.

Defendant contends that the search of his car incident to his arrest for a minor traffic violation was unreasonable and invalid and that he was denied due process of law by the admission into evidence of the fruits of an illegal search and seizure.

The sole issue on this appeal is whether or not the search of the trunk of defendant's car without a warrant was unreasonable in light of the facts and circumstances of this case.

The applicable general principles of law are well settled. In *Preston* v. *United States,* 376 U.S. 364, 366, 11 L. ed. 2d 777, 780, the Supreme Court, in a unanimous opinion, stated: "Our cases make it clear that searches of motorcars must meet the test of reasonableness under the Fourth Amendment before evidence obtained as a result of such searches is admissible. E.g., *Carroll* v. *United States,* 267 U.S. 132, 69 L. ed. 543, 45 S. Ct. 280, 39 A.L.R. 790 (1925); *Brinegar* v. *United States,* 338 U.S. 160, 93 L. ed. 1879, 69 S. Ct. 1302 (1949). Common sense dictates, of course, that questions involving searches of motorcars or other things readily moved cannot be treated as identical to questions arising out of searches of fixed structures like houses. For this reason, what may be an unreasonable search of a house may be reasonable in the case of a motorcar. See *Carroll* v. *United States, supra,* 267 U.S., at 153, 69 L. ed. at 551. But even in the case of motorcars, the test still is, was the search unreasonable. Therefore we must inquire whether the facts of this case are such as to fall within any of the exceptions to the constitutional rule that a search warrant must be had before a search may be made.

"It is argued that the search and seizure was justified as incidental to a lawful arrest. Unquestionably, when a person is lawfully arrested, the police have the right, without a search warrant, to make a contemporaneous search of the person of the accused for weapons or for the fruits of or implements used to commit the crime. *Weeks* v. *United*

*States,* 232 U.S. 383, 392, 58 L. ed. 652, 655, 34 S. Ct. 341, L.R.A. 1915B 834 (1914); *Agnello* v. *United States,* 269 U.S. 20, 30, 70 L. ed. 145, 148, 46 S. Ct. 4, 51 A.L.R. 409 (1925). This right to search and seize without a search warrant extends to things under the accused's immediate control, *Carroll* v. *United States, supra,* 267 U.S., at 158, 69 L. ed. at 553, and, to an extent depending on the circumstances of the case, to the place where he is arrested."

In the *Preston* case the United States Supreme Court held it unreasonable for the police to search the trunk of a car after the defendants had been taken into custody for vagrancy and the car taken to the police garage.

We held a similar search after an arrest for traffic violations invalid in *People* v. *Catavdella,* 31 Ill.2d 382. The search of the trunk held invalid in *People* v. *Erickson,* 31 Ill.2d 230, also took place after the car and its occupants had been taken to the police station.

It is true, as the State suggests, that these cases are not decisive of the merits of this appeal because of the factual differences with respect to the time and place of the search. This court has sustained a search of the interior of an automobile at the time and place of arrest where circumstances indicated that the driver was more than an ordinary traffic violator. (*People* v. *Davis,* 33 Ill.2d 134.) We also upheld the search of the trunk of a car in *People* v. *Faginkrantz,* 21 Ill.2d 75. There defendant was found next to his car parked in an alley behind a plumbing supply firm at 4:30 A.M. He could show no evidence of ownership of the car and there had been a recent history of burglaries in the alley. Defendant also admitted to the officers that he had a prior record for burglary. We held that these facts made the search without a warrant a reasonable one.

The present case falls between the foregoing decisions. It was well stated in *United States* v. *Rabinowitz,* 339 U.S. 56, 94 L. ed. 2d 653, and *People* v. *Watkins,* 19 Ill.2d 11, that a determination of the reasonableness of any given

search must be made upon the facts there present. Perhaps the guidelines for reasonableness were set forth as clearly as possible in the *Watkins* case where we said, at 19 Ill.2d 18:

"A search incident to an arrest is authorized when it is reasonably necessary to protect the arresting officer from attack, to prevent the prisoner from escaping, or to discover fruits of a crime."

In the present case defendant was lawfully arrested for a traffic violation, and we believe that the police bulletin gave the officers reasonable basis for the belief that they were dealing with more than an ordinary traffic offender. However, the particular search complained of was accomplished after the defendant was taken into custody and was therefore totally unnecessary to protect the arresting officers or to prevent escape. Nor was it possible for the defendant to dispose of evidence before a search warrant was obtained, since the police took possession of the car at the time they took custody of the defendant.

The circumstances were similar in *People* v. *Jeffries,* 31 Ill.2d 597. Defendant was implicated in an auto theft and after the stolen car was recovered and the owner had described certain missing items from the car, a warrant was issued charging defendant with larceny of a motor vehicle. He was thereafter arrested while stopped for a traffic signal, taken into custody, and the police searched the interior and trunk of the car which he was driving. On that search the police found a floor mat and baseball glove taken from the stolen vehicle.

We upheld the search although, as in the present case, there was no danger that defendant would attack the arresting officer or escape after he was placed in the police car, stating at page 601: "The floor mat and baseball glove were items connected with the crime for which defendant was arrested and were the proper objects of the search. *United States* v. *Rabinowitz,* 339 U.S. 56, 94 L. ed. 653,

70 S. Ct. 430, n.6; *United States* v. *Lefkowitz,* 285 U.S. 452, 456-466, 76 L. ed. 877, 52 S. Ct. 420, 423."

The present search, however, was pursuant to an arrest solely for a traffic violation and could not be reasonably required to discover the fruits of the crime. It was rather a general search without a warrant in an obvious attempt to discover evidence of other criminal activity.

We are constrained to hold that the search complained of was an unauthorized search for evidence unjustified by reasonable necessity under the facts and circumstances present, and the evidence obtained thereby should have been suppressed.

The judgment of the trial court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Mr. Justice Underwood, dissenting:

While the search and seizure area is not one in which clearly delineated boundaries can always be drawn, the opinion of my colleagues that constitutional standards of reasonableness are offended by the search in this case is one which I cannot share. To me the majority opinion is not in harmony with the tenor of our recent decisions (*People* v. *Davis,* 33 Ill.2d 134, and cases there cited), and is irreconcilable with *People* v. *Jeffries,* 31 Ill.2d 597.

The opinion of the court states "The present search, however, was pursuant to an arrest solely for a traffic violation and could not be reasonably required to discover the fruits of the crime." The evidence in my judgment does not warrant this conclusion. It is undisputed that the officers' attention was first drawn to the defendant's car when it failed to stop for a red light, and that a traffic summons was later given defendant at the police station. But to conclude therefrom that this was the sole reason for the arrest ignores the equally undisputed fact that the officers, upon seeing defendant's car, recognized it as one described in the

daily police bulletin which also described and listed defendant as wanted for burglary. The defendant, himself, testified that when he first asked the officers what was wrong they told him he was "wanted for attempted burglary".

As recently as last September we said in *People* v. *Davis*, 33 Ill.2d 134; "In *People* v. *Thomas*, 31 Ill.2d 212, we set forth the principle that if circumstances reasonably indicate that the police may be dealing not with the ordinary traffic violator, but with a criminal, then a search of the driver and his vehicle is authorized in order to insure the safety of the police officers and to prevent an escape". An additional basis for such research, recognized in the majority opinion and more apposite here, is the recovery of the fruits or implements used to commit the crime.

The majority opinion does not distinguish between the interior of the car and the trunk of the car, insofar as the extent of the search is concerned nor would I under the circumstances here since no force was used to gain access to the trunk.

It is impossible for me to reconcile the holding here with *People* v. *Jeffries*, 31 Ill.2d 597. There are but minor factual differences between it and the case at bar. In *Jeffries*, the arresting officers personally knew a warrant for Jeffries' arrest on a burglary charge had been issued although it was not in their possession. Here it is unclear as to whether a warrant had issued, some testimony indicating it had and was so indicated on the police bulletin which the officers had. In any event, the officers knew, prior to arresting defendant or searching the car, that he and the vehicle searched were "wanted" in connection with a burglary or attempted burglary. The reasonableness of a search must be determined by "the factual and practical considerations of everyday life upon which reasonable and prudent men, not legal technicians, act." (*Brinegar* v. *United States*, 338 U.S. 169, 175, 93 L. Ed. 1879; *People* v. *La Bostrie*, 14 Ill.2d 617.) The search here appears to me indistinguishable from that in *Jeffries*. In

both cases the arrests were legal; in both the police had reasonable grounds to believe the defendant had been engaged in a felony; both searches were contemporaneous with the arrests; and neither involved a general searching expedition to establish illegal conduct, but were directed to items connected with a crime.

In my judgment the conduct of the officers was reasonable under the circumstances and constitutionally permissible. I would therefore affirm the conviction.

Mr. JUSTICE HOUSE joins in this dissent.