(No. 39764.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
AARON McGHEE, Appellant.

*Opinion filed September 23, 1966.*

THAD B. EUBANKS and WENDELL P. MARBLY, both of
Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield,
and DANIEL P. WARD, State's Attorney, of Chicago, (FRED
G. LEACH, Assistant Attorney General, and ELMER C. KIS-
SANE and MATTHEW J. MORAN, Assistant State's Attorneys,
of counsel,) for appellee.

Mr. JUSTICE SOLFISBURG delivered the opinion of the
court:

The defendant, Aaron McGhee, was tried by the court
on a charge of petty larceny, found guilty, and sentenced
to one year at Vandalia. The appellate court affirmed his

conviction, (*People* v. *McGhee,* 65 Ill. App. 2d 17,) and we granted leave to appeal.

At the outset we are faced with defendant's argument that the appellate court erred in refusing to transfer the case to this court since only a constitutional question is presented. This court has jurisdiction on direct appeal of all cases involving a substantial constitutional question, (Ill. Const. art. VI, sec. 5,) and defendant should have appealed directly to this court. However, under the new Supreme Court Rule 28—1, defendant did not waive his right to present the constitutional issue in the appropriate court.

The sole substantive issue on this appeal is the reasonableness of the search of defendant's automobile which resulted in the seizure of certain payroll checks identified as the fruits of a burglary. Defendant duly filed a motion to suppress the evidence of the checks.

At the hearing on the motion only police officer Rinaldi testified. It appears from his testimony that a woman, Lupe Gonzales, made a controlled sale of narcotics to a police informant, and then proceeded to get into an automobile which defendant drove away. The police stopped the car and searched Gonzales and defendant. Thereafter the police searched defendant's car and found thirteen payroll checks under the floor mat of the car.

Rinaldi testified that defendant was out of the car when it was searched. He was then asked whether, at the time of the search of the automobile, defendant was "at the scene or was he in the station." Rinaldi answered, "He was in the process of being transported to the station."

The appellate court, in affirming the refusal of the trial court to suppress, stated that officer Rinaldi's testimony as to where defendant was at the time of the search did not affirmatively show that defendant's automobile was searched at a time and place remote from his arrest or that the search was not made in "the area within such person's immediate presence." See Ill. Rev. Stat. 1963, chap. 38, par. 108—1.

We cannot agree with this conclusion. There is no question but that the police had complete control of defendant's automobile, and that defendant had been removed from it. When officer Rinaldi replied to the inquiry as to whether defendant was at the scene or the station, he testified that he was being transported to the station. If defendant had been at the scene, we think the officer's obvious response to the question would have established this fact. We believe that the fair construction of officer Rinaldi's testimony is that defendant had been taken into custody and removed from the scene of his arrest before the search of his automobile was conducted. This being so, we consider that the logic of *Preston* v. *United States,* 376 U.S. 364, 11 L. ed. 2d 777; *People* v. *Lewis,* 34 Ill.2d 211; *and People* v. *Erickson,* 31 Ill.2d 230, is applicable.

As we stated in *People* v. *Lewis,* 34 Ill.2d 211, 215:

" 'A search incident to an arrest is authorized when it is reasonably necessary to protect the arresting officer from attack, to prevent the prisoner from escaping, or to discover fruits of a crime.'

"In the present case defendant was lawfully arrested for a traffic violation, and we believe that the police bulletin gave the officers reasonable basis for the belief that they were dealing with more than an ordinary traffic offender. However, the particular search complained of was accomplished after the defendant was taken into custody and was therefore totally unnecessary to protect the arresting officers or to prevent escape. Nor was it possible for the defendant to dispose of evidence before a search warrant was obtained, since the police took possession of the car at the time they took custody of the defendant."

The only conclusion we can reach from the testimony before us is that this search, being outside the immediate presence of the defendant, like that in *Lewis,* was unnecessary to protect the arresting officers, to prevent escape or to prevent disposal of the evidence before a search warrant was

obtained. While our new Criminal Code permits a search pursuant to a lawful arrest for "evidence of an offense," in addition to a search for the fruits of a crime, this right only applies to the area within the defendant's "immediate presence." Ill. Rev. Stat. 1963, chap. 38, par. 108—1.

We therefore conclude that the search was unreasonable within the guidelines established by the United States Supreme Court, and the trial court erred in denying the motion to suppress evidence. The judgment of the trial court, is, therefore, reversed and the cause remanded with directions to grant the motion to suppress, and for a new trial.

*Reversed and remanded, with directions.*