(No. 38754.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HERMAN ANTHONY LOHAGEN, Plaintiff in Error.

*Opinion filed September 23, 1966.*

UNDERWOOD, J., specially concurring.

JOHN R. SNIVELY, of Rockford, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and WILLIAM R. NASH, State's Attorney, of Rockford, (FRED G. LEACH, Assistant Attorney General and ALFRED W. COWAN, JR., Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant, Herman Anthony Lohagen, was indicted, together with Susanna Rhodes, for forgery and, after a jury trial in the circuit court of Winnebago County, was con-

victed and sentenced to three to ten years in the penitentiary. Defendant seeks direct review in this court alleging a violation of his constitutional rights by reason of an illegal search and seizure.

On October 13, 1960, defendant purchased a check protector and thereafter he and Miss Rhodes filled out many checks in their motel room in Rockford naming defendant as payee and Charles A. Wade as drawer. The following day defendant made a purchase in a store by check and although the check was not a forgery, the store owner made a complaint to a police officer who stopped the defendant and Rhodes on the street and arrested them for passing a check without sufficient funds. Thereafter defendant directed the police to his automobile parked about two blocks away and defendant opened the car, removed the purchases, and relocked the car. Defendant and Rhodes were then taken to the police station and booked, and the two police officers went back to the car, unlocked it, and drove it to the police station where they searched the vehicle and found 89 forged checks in the glove compartment. Defendant consented in writing to a search of his motel room where the police found the check protector and a rubber stamp.

Defendant duly filed a pretrial motion to suppress the checks taken from the glove compartment on the ground that they were seized in violation of his constitutional guarantee against unreasonable search and seizure. The People do not attempt to argue that the search in this case without a warrant was reasonable and we think it clearly unreasonable in the light of our decisions in *People* v. *Lewis,* 34 Ill.2d 211, and *People* v. *Catavdella,* 31 Ill.2d 382, and the holding of the United States Supreme Court in *Preston* v. *United States,* 376 U.S. 364, 11 L. Ed. 2d 777. In this case the defendant had already been taken into custody and the automobile seized. It further appears that the automobile was in no way connected with the crime of which he was accused.

The People, however, argue that the denial of the motion

to suppress by the trial court can be upheld on the ground that defendant did not claim in the motion that he had possession or ownership of the forged checks and claimed no knowledge of them. In *People* v. *De Filippis,* 34 Ill.2d 129, we held that it was unnecessary for a defendant to allege either possession or a proprietary interest in the property in order to establish standing sufficient to move for the suppression of evidence unlawfully seized where possession of the property constitutes an element of the alleged crime. The People concede that *De Filippis* is applicable to the facts here but argue that the decision should not apply retroactively to motions to suppress prior to the date of that decision. We cannot agree. Our decision in *De Filippis,* based in part on the philosophy of the United States Supreme Court in *Jones* v. *United States,* 362 U.S. 257, 4 L. Ed. 2d 697, pointed out that it was basically unfair to require a defendant to allege possession of illegally seized property when such possession itself constituted an element of a crime. While defendant was not indicted for possession of the forged checks, it must be noted that mere possession was a crime at the time of these proceedings. Ill. Rev. Stat. 1959, chap. 38, par. 279.

It is clear that the search in this case was illegal at the time it was made and we know of no reason why the judicial relief granted in *De Filippis* should not be applicable. We therefore conclude that the trial court erred in denying the motion to suppress and admitting the seized checks into evidence. Because of the view we have taken, it is unnecessary to consider other allegations of error, since the proof of defendant's guilt was based upon the wrongfully seized property. The judgment of the circuit court of Winnebago County is therefore reversed.

*Judgment reversed.*

Mr. Justice Underwood, specially concurring:

I concur in this result only under the compulsion of *De Filippis.*