People of the State of Illinois, Plaintiff-Appellee, v. Robert Lee Brown, et al., Defendants-Appellants.

Gen. No. 50,365.

First District, Second Division.

November 4, 1966.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Frederick F. Cohn and James J. Doherty, Assistant Public Defenders, of counsel), for appellants.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Saul A. Perdomo, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE BRYANT delivered the opinion of the court.

This case represents an appeal from a judgment of the Circuit Court of Cook County finding the appellants guilty of theft. Appellant Brown was sentenced to one year and appellant Sulauka was sentenced to six months

■■■■■■■ .

in the Cook County jail. The sole issue on this appeal is the correctness of the trial court's refusal to grant appellant Brown's motion to suppress the evidence.

The facts of this case are as follows: At approximately 1:30 a. m. on September 10, 1963, Chicago Police Officer Roger Corcoran stopped a vehicle driven by appellant Brown, which vehicle Officer Corcoran had observed had no state license plates. When questioned appellant Brown admitted that he had no license plates nor city sticker; he was also unable to produce a driver's license. Appellant Brown claimed he was coming from a used-car lot around North Avenue and Cicero in the City of Chicago, where he had just purchased the car. Brown showed the officer a title made out to the used-car dealer where he had purchased the automobile. The title was not dated or signed and did not contain his name. Appellant Sulauka, meanwhile, was sleeping on the back seat of the car. Also on the back seat was a set of golf clubs and some clothing, for which the appellant Brown could give no explanation. At this time Brown claimed that he was coming immediately from the dealer where be bought the car and was on his way to meet a girl friend around Rush Street.

Appellant Sulauka gave the officer a different version of the facts. He told him that from the dealer they had gone to his apartment in Lombard and that the items were his property since Brown was helping him move.

Officer Corcoran stated that he saw the golf clubs and wearing apparel for which Brown could not account while he was talking to Brown. Officer Corcoran decided to take the two appellants into the area police headquarters. Prior to doing this, the officer made the search of the trunk, which was the subject of the motion to suppress. In the search of the trunk the officers dis-

covered two sets of golf clubs, shirts, raincoats, golf balls and some golf shoes.

The police officer had no warrant either for the search or the arrest of appellants. It is the contention of the appellants that it was improper to search the automobile's trunk in this situation. It has long been established that the constitutional safeguards contained in section 6 of article 11 of the constitution of this State and the fourth amendment of the United States Constitution do not prohibit all searches made without a warrant but only those which are unreasonable, and that a determination of the unreasonableness of any given search must be made upon the facts there present. United States v. Rabinowitz, 339 US 56; People v. Watkins, 19 Ill2d 11, 166 NE2d 433.

Appellants refer the court to the case of People v. Lewis, 34 Ill2d 211, 215 NE2d 283, as authority for the proposition that the search in this case was unreasonable. In that case it was held to have been error to have refused the appellant's motion to suppress evidence. In that case appellant was stopped by the police early in the evening for running a red light. Police officers noticed that the license number of the automobile was one wanted in connection with a burglary. Police proceeded to search the car, finding burglar tools in the trunk, which were placed in evidence at the appellant's trial. The court held the search to be unreasonable in view of the fact that there was little danger that the goods could have been disposed of before a search warrant could be obtained, and the fact that the appellant was arrested for a minor traffic offense.

While the appellants in this case were stopped by the police for a failure to have license plates on the car, the attending circumstances were sufficient to have aroused a reasonable suspicion on the part of the police

that they were dealing with something more serious than a mere violation of the Motor Vehicle Code. The hour was late, approximately 1:30 a. m., an hour when it would have been difficult for the police to have obtained a search warrant. When questioned, the appellant Brown was unable to produce a valid driver's license. During the questioning in regard to the infractions of the Motor Vehicle Code, the arresting officer saw golf clubs and wearing apparel on the back seat of the car. When questioned about these items appellant Brown was unable to give any explanation for them. Appellant Sulauka, however, testified that the items were his and that Brown was helping him move from Lombard to a new address in Chicago when they were stopped by the police for having no license plates. Further discrepancies in the stories of the two appellants appeared when appellant Brown stated they were coming directly from the used-car dealer's lot where he bought the car, while appellant Sulauka said that they were coming from Lombard. The appellants likewise were unable to agree on their destination. Sulauka said they were on their way to his new apartment, while Brown stated that he was on his way to the Rush Street area to see his girl. In view of the lateness of the hour, the arousing of the suspicions of the police by the pile of goods in the back seat of the car and the discrepancies in the stories related by the two appellants, we hold that the trial court did not commit error when it refused to suppress the evidence obtained in the search of the trunk of the car belonging to Brown.

Because of our finding that it was not error to have refused the appellant Brown's motion to quash the search warrant, we find it unnecessary to consider the question of whether the appellant Sulauka, who did not join in the motion at trial, should be able to take advantage of appellant Brown's motion.

For the above reason we affirm the judgment of the trial court as to each defendant.

Judgment affirmed.

LYONS and BURKE, JJ., concur.