(No. 39160.— ▮▮▮▮▮▮▮▮▮▮▮

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* STANLEY NORRIS, Plaintiff in Error.

*Opinion filed September 23, 1966.*

BRITTON A. DAVIS, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE, JAMES B. KLEIN, E. ROGER HORSKY, and MORTON E. FRIEDMAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

On June 4, 1956, Stanley Norris and Carl Hamby were convicted of armed robbery in a jury trial in the criminal court of Cook County. They were sentenced to the penitentiary for terms of 25 years to life. The defendant Norris prosecutes this writ of error to review his conviction and contends (1) that he did not receive a fair hearing on the issue of the voluntariness of a confession; (2) that articles seized in an illegal search were erroneously admitted into evidence; and (3) that the prosecutor's argument was inflammatory and prejudicial and deprived him of a fair trial.

We first consider defendant's contention that the products of an illegal search were erroneously admitted into evidence. In his petition to suppress evidence, filed prior to trial, defendant moved the court to exclude all evidence obtained from his apartment on the grounds that the search which produced the evidence was unlawful because it was conducted in his absence, without his consent, and without a warrant. The petition also listed certain items of personal property that had been removed from defendant's apart-

ment; namely, one Zenith portable radio, $120 in United States currency, a panama hat, a pair of shoes, and miscellaneous papers. Defendant also requested the court to order the police to return all property taken from his apartment.

The record of the hearing on the motion to suppress evidence shows that at approximately 1:30 A.M. on August 16, 1954, the day after the robbery with which defendant was charged occurred, he was arrested without a warrant in a tavern on North Clark Street in Chicago while having a drink with some friends. About 2:30 A.M., while defendant was in police custody, several other policemen took Carl Hamby, who had been arrested the previous day, to defendant's apartment where they conducted a search without a warrant and without defendant's consent. Hamby was present at the time of the search and testified that he saw the police take a Zenith portable radio, a pair of shoes, two hats, and some paper money from defendant's apartment. He further testified, as did the defendant, that he saw the radio, shoes, and hats in the police station later that morning.

At the close of the hearing on the motion to suppress, the prosecution stipulated that the State would not offer in evidence any of the items mentioned by defendant in his testimony and in his petition. The court thereupon ruled that the motion to suppress, insofar as the items named were concerned, would be sustained, and that it was unnecessary to rule on anything further. The court later indicated, however, that the defendant could raise the question of admissibility should any other evidence obtained in the search be offered. Counsel for defendants then attempted to learn from the State what other evidence had been obtained in the search, but the prosecutor stood silent, and the court refused to compel any disclosure.

During the trial the State offered as evidence two guns which, according to a police officer who participated in the search of defendant's apartment in the early morning of August 16, 1954, were found in a dresser drawer in the

apartment. At this point, defendant's objection to the admissibility of the guns as evidence was overruled.

Another point of interest, although not crucial to the question here raised, is that after the jury returned a verdict of guilty and before the court imposed sentence, the assistant State's Attorney, in reply to a remark by defendant, said that he had stipulated that he would not use any of the evidence, as far as this defendant was concerned, that was found in his apartment, and that he had not.

The State does not argue that the search of defendant's apartment was lawful or reasonable. The State contends that defendant did not move to suppress the guns as evidence prior to trial, and that defendant did not object to the offer of the guns in evidence at trial on the basis of an illegal search and seizure.

It is well established that a search as conducted here, in the absence of a defendant, without his consent, and without a warrant is illegal. (*Johnson* v. *United States,* 333 U.S. 10, 92 L. Ed. 436; *People* v. *Kalpak,* 10 Ill.2d 411.) It is also settled that an illegal search renders the items so obtained inadmissible upon objections by defendant. *Preston* v. *United States,* 376 U.S. 364, 84 S. Ct. 881, 11 L. Ed. 2d 777; *People* v. *Erickson,* 31 Ill.2d 230.

The precise question presented is whether defendant's motion to exclude all evidence obtained in the illegal search and seizure included the guns. The State contends the motion was limited to the items specifically listed and the trial court refused to sustain the motion as to anything other than those articles. Clearly, defendant could list only those items which he knew were taken from his apartment, but there is no showing that defendant intended to limit his motion to the suppression of only those items. In fact, his motion requested the exclusion of all evidence obtained in the unlawful search. Apparently defendant first received knowledge of the guns when the State offered them into evidence and his objection at that time was overruled.

It is axiomatic that if the seach and seizure was illegal as to the items specifically enumerated, it was illegal as to all articles so obtained. The trial court erred in failing to suppess all fruits of the illegal search, and the judgment must be reversed.

The judgment of the criminal court of Cook County is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*