584

(No. 39860.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
LOUIS GATES, Appellant.

*Opinion filed November 14, 1966.*

JEROME FELDMAN and DENNIS L. POSEN, both of Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and EDWARD P. DROLET, State's Attorney, of Kankakee, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The defendant, Louis Gates, was found guilty of the unlawful possession of narcotic drugs and sentenced to imprisonment for not less than two nor more than three years. On this appeal he contends that his constitutional rights were violated when the trial court denied his motion to suppress, and admitted in evidence an envelope containing marijuana which was found by police officers when they searched his automobile.

At about 2:00 A.M. on July 15, 1964, a filling station

attendant in Kankakee became suspicious of the defendant and his companion, who were attempting to cash a check. The attendant called the police. An officer stopped the defendant's car and directed him to follow the officer to the police station. The defendant parked his car on private property across the street from the police station, and he was then taken into the station and interrogated.

About 3:15 A.M. two police officers searched the defendant's automobile. They had no warrant, and there is no claim that they had permission to search the car. They found a small envelope containing marijuana inside a box of Kleenex tissues on the front seat of the car. The defendant's motion to suppress was denied and the envelope was received in evidence over his objection.

In this case, as in *Preston* v. *United States,* 376 U.S. 364, 11 L. Ed. 2d 777, *People* v. *Erickson,* 31 Ill.2d 230, and *People* v. *Catavdella,* 31 Ill.2d 382, the search of the defendant's car was too remote in time and place from the defendant's arrest to permit an argument that the search was incident to the arrest. Under these decisions the search was unreasonable, and the motion to suppress should have been granted.

The judgment of the circuit court of Kankakee County is reversed.

*Judgment reversed.*