**UNITED STATES of America**

v.

**Richard DAY.**

**Crim. No. 71–322.**

United States District Court,
E. D. Pennsylvania.

Aug. 27, 1971.

Louis C. Bechtle, U. S. Atty., Barry W. Kerchner, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Defender Association of Philadelphia, Mark D. Schaffer, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION

JOSEPH S. LORD, III, District Judge.

On October 27, 1970, defendant Richard Day was operating a motor vehicle in Philadelphia which lacked the required Pennsylvania inspection sticker. Two passengers were in the car. A Philadelphia police officer noticed that the car lacked an inspection sticker. The officer directed his spotlight on defendant's car, and defendant stopped his car. As the officer approached the car from the passenger's side, he saw the defendant transfer a bright blue "wallet-like" object from his pocket to a place below the driver's seat.

The officer asked the defendant for his license and registration. Defendant replied that he had lost them and that he had no identification of any sort. Defendant represented that his aunt owned the car. The officer called headquarters to check whether the car had been stolen. He was told that the computer was out of order, and that the occupants of the car should be taken to headquarters.

The defendant and the passengers were placed in a paddy wagon and sent to headquarters. Thereafter the arresting officer searched below the seat of defendant's car. A billfold containing counterfeit bills was found. Defendant now seeks to suppress this evidence.

■ The government first attempts to justify the search on the grounds that it was incident to a lawful arrest. In Chimel v. California, 395 U.S. 752, 762, 763, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685 (1969), the Supreme Court said:

"* * * When an arrest is made, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape. Otherwise, the officer's safety might well be endangered, and the arrest itself frustrated. In addition, it is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction. And the area into which an arrestee might reach in order to grab a weapon or evidentiary items must, of course, be governed by a like rule. * * *"

At the time of the search in this case, the defendant was in a police wagon going to headquarters. Certainly, he could not, at this point, have reached below the seat of his car to grab a weapon

or destroy evidence. We are aware that, under United States v. Dento, 382 F.2d 361 (C.A.3, 1967), this search might have been regarded as sufficiently contemporaneous to the arrest to qualify as being incident to it. However, we conclude that *Dento* is no longer viable in light of *Chimel's* "* * * new and more restrictive rule * * *" elucidating a "* * * concept of 'immediate control' much narrower than that which had existed previously." United States v. Schartner, 426 F.2d 470, 474 (C.A.3, 1970). *See* Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L. Ed.2d 419 (1970).

■ There remains the question of whether the search below the automobile seat is valid under the rule of Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). The underlying rationale of *Carroll* and its progeny is that there is

> "* * * a necessary difference between a search of a store, dwelling house or other structure in respect of which a proper official warrant readily may be obtained, and a search of a ship, motor boat, wagon or automobile, for contraband goods, where it is not practicable to secure a warrant because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought." 267 U.S. at 153, 45 S.Ct. at 285.

We assume that there existed here the exigent circumstances which made it impracticable for the officers to obtain a search warrant. But that fact alone is not enough to justify a warrantless search. Probable cause to search must still exist.

■ The government first argues that the police officer had probable cause to think that the defendant was hiding his license and registration below the seat. Even if this were true, such papers would constitute neither contraband nor evidence of a crime. In fact, they would merely serve to disprove that the defendant was guilty of the offense of driving without a license

or his registration. Hence, the search cannot be justified on this basis.

■ The government next argues that the officer had probable cause to think that the car was stolen, and that the object hidden under that seat contained evidence of that theft. The mere absence of registration did not give the officer probable cause to think that the car was stolen. Commonwealth v. Dussell, 439 Pa. 392, 266 A.2d 659 (1970); *see* 75 Pa.Stat.Ann. § 406 (Supp.1971) (if the registration is produced within five days there is no violation of Vehicle Code). The absence of license and identification makes it no more probable that the car was stolen.

■ But this does not end this case. The government points to the fact that the officer saw the defendant hide what appeared to be a wallet beneath his seat. The furtiveness of the movement cannot, of itself, supply a constitutionally adequate basis for an officer to arrest a suspect, *see* Sibron v. New York, 392 U. S. 40, 66, 67, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968), or to search the object that had been hidden, United States ex rel. McArthur v. Rundle, 402 F.2d 701 (C.A. 3, 1968). Such a movement may, however, indicate something about the contents of the object, and this is a factor to be entered into the probable cause calculus.

■ The fact that the defendant hid a wallet may have led the officer reasonably to conclude that it contained something that the defendant did not want the police to see. But the defendant may have had in his wallet a wide array of items which he would wish to hide, *e. g.*, narcotics, counterfeit bills, love letters, confidential papers, identification, or stolen automobile registration. *See* United States ex rel. McArthur v. Rundle, 402 F.2d 701, 706 (C.A.3, 1968). Only the last would have been evidence of the crime that the officer suspected. Accordingly, we find that the officer entertained nothing more than mere suspicion that the car was stolen and that the wallet contained evidence of that crime.