**UNITED STATES of America, Appellant,**

v.

**Richard DAY.**

**No. 71–1941.**

United States Court of Appeals, Third Circuit.

Argued Jan. 19, 1972.

Decided Feb. 11, 1972.

Francis S. Wright, Defender Ass'n of Philadelphia, Philadelphia, Pa., for appellee.

Before ADAMS and JAMES ROSEN, Circuit Judges, and STAPLETON, District Judge.

## OPINION OF THE COURT

PER CURIAM:

In this search and seizure case, the Government is appealing from an order of the district court granting defendant's motion to suppress evidence obtained by a search of defendant's automobile, 331 F.Supp. 254.

The vehicle in question was stopped by a Philadelphia police officer because the automobile did not have a state inspection sticker. After being stopped, defendant removed a blue object resembling a billfold from his shirt and secreted it under the seat of the car. The officer then asked the defendant for his driver's license and registration. Defendant replied that he had lost them, but that the car belonged to his aunt.[1] The policeman radioed to headquarters requesting a National Crime Information Center computer check to determine whether the automobile was stolen. When it appeared that the computer was malfunctioning, the officer was instructed to take the defendant into custody. After Mr. Day and two companions were asked to leave the vehicle, and were proceeding toward the patrol wagon, the officer went over to the automobile and removed the object in question, searched it, and discovered in it counterfeit money, the subject matter of the motion to suppress.

Since the arrest was performed by a state officer pursuant to state law, its legality must be determined by state law. United States v. Di Re, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948). Defendant's actual offenses involved summary violations of the Motor Vehicle Code, enforceable only by summons. 75 P.S. § 101 et seq. The Pennsylvania Su-

Barry W. Kerchner, Asst. U. S. Atty., Philadelphia, Pa. (Louis C. Bechtle, U. S. Atty., on the brief), for appellant.

---

1. It was subsequently determined that the automobile did in fact belong to Mr. Day's aunt.

preme Court has prohibited searches and seizures of automobiles pursuant to arrests for such offenses. Commonwealth v. Dussell, 439 Pa. 392, 266 A.2d 659 (1970). In that case, on facts similar to those here, the Pennsylvania Supreme Court held that probable cause to believe that the automobile was stolen did not exist.

■ Here, the policeman testified that he did not have probable cause to search, and at best was merely suspicious. Of course, we would not consider ourselves bound by a police officer's inability to articulate his conclusions if the facts clearly demonstrated the existence of probable cause. But they do not, and mere suspicion is not a valid basis for an arrest or search. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Henry v. United States, 361 U. S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959); United States ex rel. Gockley v. Myers, 450 F.2d 232 (3d Cir. 1971). This Court has held that the act of a defendant in secreting an envelope in an automobile where the police were searching for untaxed liquor would not support a finding of probable cause. United States ex rel. McArthur v. Rundle, 402 F.2d 701 (3d Cir. 1968).

■ The search here may not be justified on the ground that it comes within one of the exceptions to the warrant requirement of the Fourth Amendment. The blue object was seen by the police officer prior to the defendant's hiding it, and the police officer obviously knew it was not a weapon. In any event, at the time of the search, the occupants were either in a patrol wagon or surrounded by police; it is undisputed that they were not in the car. The arresting officer testified that, at the time he entered the car, it would have been impossible for anyone else to have gained access to the car, or to tamper with the object. Therefore, the narrow exception to the warrant requirement, a search pursuant to the arrest for a weapon or evidence which could be destroyed by the defendant, as delineated in Chimel v.

California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), has not been satisfied. Furthermore, the search in question may not be validated on the basis that warrants need not be obtained to search automobiles. *See* Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). *Chambers* and the cases it relied on were predicated upon the theory that a vehicle is mobile and that there is no constitutional difference between a search without a warrant and detention of the vehicle until a warrant could be obtained. However, *Chambers* requires the existence of probable cause before the automobile may be searched, and probable cause was not present here.

Accordingly, the order of the district court will be affirmed.