THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DANIEL ROY HAMBLIN, Defendant-Appellant.

Fourth District   No. 17503

Opinion filed June 17, 1982.

Charles G. Reynard, of Bloomington, for appellant.

Ronald C. Dozier, State's Attorney, of Bloomington (Robert J. Biderman and Denise M. Paul, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

After a bench trial in the circuit court of McLean County, defendant, Daniel Roy Hamblin, was convicted on July 1, 1981, of the offenses of unlawful possession of cannabis (Ill. Rev. Stat. 1979, ch. 56½, par. 704) and unlawful use of weapons, by carrying a concealed weapon in a vehicle (Ill. Rev. Stat. 1979, ch. 38, par. 24—1(a)(4)), and acquitted of a charge of aggravated battery. Subsequently he was sentenced to 2 years' probation conditioned upon payment of court costs for the former conviction and a fine of $100 for the latter conviction. He appeals, contending his guilt was not proved beyond a reasonable doubt as to either offense and the court improperly denied his motion to suppress evidence. We affirm.

Most of the evidence at trial was undisputed. On November 30, 1980, sometime between 2 a.m. and 2:30 a.m., defendant was found by a deputy sheriff slumped over the wheel of a Dodge 100 van, parked with its lights on and its motor running, on East Street in the village of Downs. Defendant was then arrested, after a struggle, and taken to the McLean County jail. The van was searched and a metal box and an envelope, both containing cannabis, and a .25-caliber Jetfire Barreta automatic pistol in a knapsack were found. No one other than defendant was in the van when defendant was arrested.

■■ Defendant maintains that the foregoing evidence was not enough to prove his actual or constructive possession of the items of contraband found in the vehicle. The State contends the evidence was sufficient to prove defendant's constructive possession of the items beyond a reasonable doubt. We agree.

■■ A person's possession of contraband cannot be proved merely by proving that person's presence in the vicinity of the contraband. When contraband is found on a premises rather than a person, to prove a person's possession of the contraband, the State must prove the person's control of the premises. This, in turn, gives rise to an inference that the person knowingly possessed the contraband. (*People v. Kissinger* (1975), 26 Ill. App. 3d 260, 325 N.E.2d 28.) In *People v. Bolden* (1977), 53 Ill. App. 3d 848, 368 N.E.2d 1319, the court restated the foregoing rule and applied it to contraband found in an automobile in the exclusive control of an accused. There, the accused was arrested after a high-speed chase and a small packet of heroin was found on the driver's seat. The accused denied knowledge of the presence of the packet or of its contents, but the court

deemed evidence of his control of the vehicle plus his flight to sufficiently support the conviction.

In *People v. Nunez* (1974), 24 Ill. App. 3d 163, 320 N.E.2d 462, the reviewing court agreed with the trial court that the prosecution had sufficiently proven the defendant had constructive possession of a weapon, although the judgment was vacated on other grounds and the case was remanded. There, a shotgun was found in a bedroom where the defendant was sleeping on a bed. Although the defendant denied knowledge of the weapon's presence and members of his family testified that others used the bedroom, the reviewing court stated the jury could have inferred the defendant knew the weapon was beneath the mattress of the bed because he had been sleeping on the bed for two nights when the weapon was there and testimony indicated that the bedroom was his.

In the present case, defendant was shown to have been the driver and sole occupant of the van. The contraband was within his easy reach. As with the flight of the accused in *Bolden*, defendant's resistance when being arrested here corroborated the inference, arising from his possession and control of the van, that he had knowing control of the contraband. The evidence was strong enough for the trial court to have found his guilt of both offenses to have been proved beyond a reasonable doubt.

Defendant's motion to suppress evidence was made prior to trial and requested suppression of (1) the cannabis found in the metal box and the envelope, and (2) the gun, all found in the van. The evidence at the hearing consisted solely of the testimony of the arresting deputy, Kenneth Loper.

Deputy Loper testified that after defendant was arrested and transported to the police station, he made an inventory search of the van, pursuant to a policy of the sheriff's department to inventory the contents of vehicles which are to be towed. He testified that prior to making the search he had observed marijuana paraphernalia known as a "roach clip" lying on the engine cover of the van and plastic bags appearing to contain marijuana residue on both a seat and the floor of the van. In the course of the search of the interior of the van, Loper found a closed, oldtime tin Jack Daniels box and the sealed unmarked envelope, both of which were opened by Loper and found to contain cannabis. Loper stated he could tell by the weight of the box that it contained something. He stated the envelope had considerable weight and had an herbal odor almost of ammonia but not quite as strong. He stated the envelope's contents felt fibrous and he could feel a plastic bag inside of the envelope. He stated he believed the envelope to contain cannabis so he opened a corner of it. Officer Loper also testified he found an unzipped knapsack in the van and that when he picked it up, he was able to see inside it and saw a pistol in a holster there.

Throughout the testimony of the deputy, he always referred to the search he made as being an inventory search. At no time did he say that he searched the vehicle or any of the closed containers found therein because he thought there was probable cause that they contained contraband or the fruits of evidence of a crime. He did testify at trial that at the time he opened the envelope, he thought it contained cannabis. In denying the motion to suppress, the trial court found that the search was an inventory search. It concluded that the officer had a right to open the envelope even though it was sealed because the envelope was of such a nature that it could readily be opened and resealed. This was apparently taken to indicate the owner of the envelope had no substantial expectancy of privacy in connection with the envelope.

The United States Supreme Court has struggled with the question of the permissibility, under the fourth amendment, of warrantless searches of automobiles and of containers found therein for some time. (See 2 LaFave, Search & Seizure §7.2, at 509 (1978).) Much of the uncertainty of prior decisions has been resolved by the recent decision in *United States v. Ross* (June 1, 1982, U.S. No. 80 2209), 50 U.S.L.W. 4580, which involved the warrantless search by law enforcement officers of an automobile which they had probable cause to believe contained illicit narcotics. The court upheld the seizure of heroin found in a closed bag and money found in a zippered pouch, both of which were located in the trunk of the vehicle. The court stated that officers could properly "conduct a probing search of compartments and containers within the vehicle whose contents are not in plain view." (50 U.S.L.W. 4580, 4581.) The permissible scope of the search was stated to be "no broader and no narrower than a magistrate could legitimately authorize by warrant." 50 U.S.L.W. 4580, 4588.

Thus, if the search here was made with probable cause, the precedent of *Ross* would justify the search. Deputy Loper had testified he saw a "roach clip" and two plastic bags appearing to contain marijuana residue in the vehicle before he began his search. Ordinarily, such evidence would require a determination that the search was made with probable cause. Nevertheless, defendant asserts the search must be considered to be an inventory search because: (1) Loper stated it was made for that purpose pursuant to the policy of his law enforcement agency; and (2) the trial court found the search to have been an inventory search.

■■■ The search by law enforcement officers for inventory purposes of the passenger compartment, including the glove compartment, of vehicles being impounded has been upheld by the United States Supreme Court in *South Dakota v. Opperman* (1976), 428 U.S. 364, 49 L. Ed. 2d 1000, 96 S. Ct. 3092, and by the Illinois Supreme Court in *People v. Clark* (1976), 65 Ill. 2d 169, 357 N.E.2d 798. Such a search is deemed to be

reasonable to further the legitimate objectives of: (1) protecting the owner's property by giving special protection to that found to be valuable; (2) protecting the police against a charge that property claimed to have been in the vehicle when impounded was not returned; and (3) enabling the police to ascertain property that might be dangerous and removed from the vehicle for that reason. No case called to our attention has permitted, merely as an incident to an inventory search, the opening of closed opaque containers found in the vehicle unless the containers appeared to present a danger. In a footnote to his dissent in *Opperman*, Mr. Justice Marshall stated the majority opinion did not authorize the inspection of suitcases, boxes, or other containers which might be sealed, removed or secured without further intrusion.

The decision in *People v. Dennison* (1978), 61 Ill. App. 3d 473, 378 N.E.2d 220, was consistent with Mr. Justice Marshall's observation. There, a station wagon was impounded and an inventory search was conducted. A tool box was found and opened and various papers bearing the name of the owner of an abandoned, stolen, vehicle were found inside. The defendant's motion to suppress this evidence was granted. The reviewing court affirmed the suppression order, stating the search of the box was not one which could be justified as fulfilling any of the three legitimate purposes of an inventory search enumerated in *Opperman* and that where the purpose of the search is exploratory in nature, it will be deemed illegal and the evidence so found must be excluded. The court quoted from a Colorado case (*People v. Counterman* (1976), 192 Colo. 152, 556 P.2d 481) which held that as to an inventory search of a sealed knapsack which did not give any indication of containing dangerous or particularly valuable items, the legitimate purposes of the search could have been fully accomplished by merely noting the item as a sealed knapsack.

The rationale of *Dennison* was sustained by the supreme court in *People v. Bayles* (1980), 82 Ill. 2d 128, 411 N.E.2d 1346.

As far as the search of the knapsack containing the pistol was concerned, the search was permissible even if Loper's authority was limited to that accompanying an inventory search. As it was open and not sealed, as in *Counterman*, the inference arises that its owner had no expectation of privacy as to its contents. The conduct of the officer in picking it up was fully reasonable, and once he saw that it contained a pistol he was fully justified in seizing it as a dangerous instrument rather than noting it and leaving it in the van.

The seizure of the marijuana in the tin box and the sealed envelope can only be justified if the search was one based on probable cause or incident to a lawful arrest because the purposes of an inventory search could have been served merely by noting the items and holding them.

Accordingly, we turn to the question of whether the State is limited by the officer's designation of the search as an inventory search and the trial court's so finding.

The question of whether a search or seizure may be justified by the existence of probable cause even though the officer making the search or seizure does not believe he has probable cause is one that seldom arises. The majority view is that the officer need not believe that he has probable cause. (See *United States v. Day* (3d Cir. 1972), 455 F.2d 454; 1 LaFave, Search & Seizure sec. 3.2, at 460 (1978).) However, a decision of the appellate court of this State for the second district is to the contrary. In *People v. Velleff* (1981), 94 Ill. App. 3d 820, 419 N.E.2d 89, a law enforcement officer had seized a gun found in a plastic bag in the trunk of an automobile. Officers had arrested the operator of the car for traffic violations. When searched, the operator was found to have no driver's license but to have $1,000 in bills on his person. A check concerning the registration of the automobile had revealed the car was not registered in the name of the operator. After taking the operator and the automobile to the police station where the defendant was detained, a search was then conducted. The State tried to justify the search on the basis that there was probable cause to believe the car was stolen. The appellate court rejected this on the basis that the arresting officer had testified he did not believe the car was stolen. Citing *People v. Gabbard* (1979), 78 Ill. 2d 88, 398 N.E.2d 574, and *People v. Cox* (1971), 49 Ill. 2d 245, 274 N.E.2d 45, the opinion also stated the officer making a search or arrest is bound by his stated motive for making the arrest or search.

In *Gabbard*, a State trooper arrested a man who was walking along the side of a highway. When asked where he had been and where he was going, he said he was coming from and going to Springfield. The only identification the defendant could give was to show his name on some check stubs. When he showed them to the officer, a piece of paper appearing to be an Illinois driver's license was visible in the checkbook. Six days earlier the officer had seen a notice that an escaped Federal prisoner was thought to be on the highway some 30 miles from the point of arrest. Nothing in the given description of the escapee particularly fit the arrestee. The supreme court held that the evidence showed that probable cause to make the arrest did not exist. The court did note that the officer admitted that the defendant did not meet the particulars of the description given in the notice and the trooper did not testify that he was motivated by a belief that the person he arrested was the escapee. The opinion thus indicated the trooper's belief was a matter bearing upon the existence of probable cause but it did not indicate the trooper's belief controlled or that the State was bound by the trooper's stated reason for proceeding.

In *Cox*, after officers had obtained an invalid warrant to search the defendant's apartment, they went to that apartment. One officer testified that at that time they had not decided whether to arrest the defendant. Upon entering and searching the apartment, the officers found a bag appearing to contain marijuana in the apartment, whereupon the defendant was arrested. The trial court upheld the search as being incident to a lawful arrest even though the search had preceded the arrest. In reversing, the supreme court noted that the officer had testified the apartment was entered for the purpose of searching rather than arresting and, therefore, the search was not incident to the arrest.

■■ We do not deem the dictum of *Velleff* that the officer making a search or arrest is bound by his stated motive for doing so to be required by *Gabbard* or *Cox*, and we do not consider it to state the law. *Gabbard* would indicate that the officer's stated motive is a matter to take into consideration in determining the existence of probable cause. *Cox* was controlled by the search having occurred before the arrest. Here, unlike in *Velleff* and *Gabbard* all the objective indications supported the existence of probable cause. The defendant had been slumped over the wheel in a drunken stupor. He resisted the officers. A "roach clip" was plainly visible. The envelope had an herbal odor and felt fibrous. Unlike in *Velleff*, the deputy made no statement that he didn't think he had probable cause to search and did testify at trial that he believed the envelope to contain cannabis. Although the trial court found the search to have been an inventory search, we determine that under the evidence, the existence of probable cause was shown as a matter of law.

Because the knapsack containing the pistol was not closed and the pistol was visible to the deputy when the knapsack was picked up, the seizure of the pistol would have been proper even if the deputy had been limited to the requirements of an inventory search. Thus, even if probable cause for the search of the van was not shown, the conviction on the weapons charge would be affirmed. As we have determined that probable cause did exist, we affirm the conviction on the cannabis charge as well.

Affirmed.

MILLS and LONDRIGAN, JJ., concur.