[J-70-2021] [MO: Baer, C.J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 28 MAP 2021 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court at No. 2347 EDA |
| | : | 2019 dated September 25, 2020 |
| v. | : | Vacating the Order of the Lehigh |
| | : | County Court of Common Pleas, |
| | : | Criminal Division, at No. CP-39-CR- |
| TIMOTHY OLIVER BARR II, | : | 0000279-2019 dated August 2, |
| | : | 2019 and Remanding. |
| Appellant | : | |
| | : | ARGUED: October 27, 2021 |

## CONCURRING AND DISSENTING OPINION

**JUSTICE MUNDY**                                    **DECIDED: December 29, 2021**

I agree with the Majority's holding that "the odor of marijuana may be a factor, but not a stand-alone one, in evaluating the totality of the circumstances for purposes of determining whether police had probable cause to conduct a warrantless search." Majority Op. at 24. I depart with the Majority as to the application of that holding to the facts of this case.

The Majority concludes that this search was not supported by probable cause because "the record supports the trial court's conclusion that the troopers searched the car in question based solely on the odor of marijuana coming from it." *Id.* at 29. Respectfully, I disagree with this analysis. The test is not whether the troopers' subjective reason for searching the car surmounted constitutional scrutiny. Rather, an assessment of probable cause is an objective one measured by examining the totality of the circumstances. *See Commonwealth v. Jacoby*, 170 A.3d 1065, 1081 (Pa. 2017) (citing

*Illinois v. Gates*, 462 U.S. 213, 238 (1983) ("The existence of probable cause is measured by examining the totality of the circumstances.")); *Florida v. Royer*, 460 U.S. 491, 507 (1983) ("[T]he fact that the officers did not believe there was probable cause. . .would not foreclose the State from justifying Royer's custody by proving probable cause[.]"). Although the record clearly establishes that the officers' rationale for searching the car was based on the plain smell of marijuana alone, that subjective justification does not foreclose an objective assessment of the totality of the circumstances.[1]

Overlooked from the trial court's analysis was the fact that officers' suspicions of criminal activity increased after Appellant became hostile, refused to let anyone get out of the car upon request by the officers, and required additional police support to respond to the scene. The Majority suggests that the trial court was aware of this fact, and so "it is more than reasonable to conclude that the court implicitly discredited Trooper Prentice's contention that such behavior from a passenger is indicative of criminal activity." Majority Op. at 29. I see no such implicit discreditation. Rather, the trial court's opinion shows that it failed to weigh these facts in assessing whether there was probable cause to search the car. In assessing probable cause, the trial court held that "[*Hicks*] applies to the within matter, and that the 'plain smell' of marijuana alone no longer

_____

[1] The United States District Court for Middle District of Pennsylvania and the Third Circuit Court of Appeals have similarly recognized that an officer's subjective assessment is not conclusory to a probable cause analysis under the Fourth Amendment. *See United States ex rel. Senk v. Brierley*, 381 F.Supp. 447, 463 (M.D.Pa. 1974) ("[T]he mere subjective conclusions of a police officer concerning the existence of probable cause is not binding on this court which must independently scrutinize the objective facts to determine the existence of probable cause. Moreover, since the courts have never hesitated to overrule an officer's determination of probable cause when none exists, consistency suggests that a court may also find probable cause in spite of an officer's judgment that none exists.") (citations omitted); *United States v. Day*, 455 F.2d 454, 456 (3d Cir. 1972) ("Here, the policeman testified that he did not have probable cause to search, and at best was merely suspicious. Of course, we would not consider ourselves bound by a police officer's inability to articulate his conclusions if the facts clearly demonstrated the existence of probable cause[.]").

provides authorities with probable cause to conduct a search of a subject vehicle." Trial Court Opinion, 8/2/2019, at 14-15. The trial court's entire probable cause analysis began and ended with that determination, with no assessment of the totality of the circumstances.

The trial court failed to consider whether there was probable cause under the totality of the circumstances and instead focused exclusively on the officers' rationale for searching the car. In this regard, the trial court erred. Accordingly, I cannot join the Majority's decision to reinstate the trial court's order, which granted Appellant's motion to suppress based on lack of probable cause without considering the totality of the circumstances.